UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>  Plaintiff,  )<br>  )<br>vs.  )<br>  )<br>CHRISTIAN AKOUALA,  )<br>  )<br>  Defendant.  ) | Criminal No. 3:23-MJ-543-ARS<br><br>**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR CHANGE OF VENUE AND RECUSAL** |

PROCEDURAL HISTORY

On October 6, 2023, a Complaint was filed in the Eastern Division of the District of North Dakota. (DOC 1). Later that same day, Mr. Akouala was arrested, and an Initial Appearance was held. (DOC 4 and 5).

The Judge presently assigned to this case is Magistrate Judge Senechal. Judge Senechal presided over the Initial Appearance and is anticipated to preside over the Preliminary Hearing and Detention Hearing which are scheduled for October 11, 2023. If an indictment is returned, it is anticipated that Chief Judge Welte from the Eastern Division will preside over this matter.

Furthermore, it is anticipated that all hearings in this matter will take place in the Federal Courthouse in Fargo, North Dakota. The Initial Appearance was held in that location, and the pending Preliminary and Detention Hearing is set to be held in the same location. (DOC 5 and 7).

According to the Complaint that has been filed, Mr. Akouala is accused of threatening a federal officer in violation of 18 U.S.C. § 115. (DOC 1) Specifically,

Mr. Akouala is accused of making a threat against an employee of the Office of the Clerk of Court. *Id*. The name of the Clerk that is alleged to have been threatened is listed on the District Court's website as being one of the eight employees in the Fargo office.[1] The Clerk's Office in Fargo is in the Quentin N. Burdick Federal Courthouse.[2] This is the same location where the District Judge and Magistrate Judge have their chambers. This location is the same building where the proceedings will be held, including grand jury proceedings, pre-trial hearings and trial.

It is also relevant to the Defendant's Motions that the Chief Judge for the District of North Dakota, Chief Judge Welte, is the primary District Court Judge that presides over matters in the Eastern Division. Chief Judge Welte also has supervisory responsibility for entire District of North Dakota.

Additionally, it is relevant to the Defendant's Motions that the Clerk of Court for the District of North Dakota is Kari Knudson. Clerk Knudson's office is in Bismarck, North Dakota. Clerk Knudson maintains supervisory responsibility for the staff for the entire District of North Dakota, including the alleged victim in this case.

CITATION OF LAW AND ARGUMENT

In light of the close and inextricably intertwined connection between the Judicial Staff and the staff in the Clerk's office (including the alleged victim), Mr.

---

[1] *See* https://www.ndd.uscourts.gov/court-info/staff-list
[2] *See* https://www.ndd.uscourts.gov/Location/Fargo

Akouala respectfully requests that the Court grant his motions for a change of venue and recusal.

A. Recusal is mandatory in this case because of the close working relationship between the Court and the Clerk's office.

Judicial recusal is governed by 28 U.S.C. § 455(a). This code section states that "[a]ny judge, justice, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(b) also enumerates multiple other circumstances in which recusal is mandatory. These additional circumstances include where the judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). Mr. Akouala argues that recusal under either section is mandatory in this case.

In this case, the alleged victim is an employee of the same federal agency that is responsible for overseeing the administration of his criminal case. The alleged victim works in the very same office that will process every filing in this case, including this motion and the brief in support of it. As a matter of practicality, the Judge's chambers, and the Clerk's office work closely together to ensure that the cases before the court move forward in a timely and appropriate manner. This close working relationship requires daily communications between the staff in the Judge's chambers and the staff in the Clerk's office, and often the Judge himself or herself. The alleged victim's role in the judicial system is the very reason that this

3

federal court has jurisdiction over this matter, rather than the North Dakota state criminal justice system. The alleged victim's employment with the judicial system is an element of the offense that the Government must prove at trial beyond a reasonable doubt. The alleged victim's employment is at the heart of this case.

It is also of vital importance to this motion that all involved persons involved in this case work in the same building and that Mr. Akouala is accused of threatening to enter that building with a firearm. It is unreasonable to ask those individuals, including the Judge and Magistrate Judge assigned to this case, to forget or ignore the fact that Mr. Akouala is accused of threatening to enter their workplace with a firearm and harm people. This close connection between what is arguably a "scene of the crime" and the Judge's chambers creates a situation where the Judge's impartiality "might reasonably be questioned", even if actual bias does not exist. Therefore, recusal is mandatory under 28 U.S.C. § 455(a).

Likewise close working relationship between the Judge's chambers, the Judge and the Clerk's office arguably results in the Judge or Magistrate Judge being perceived as having a "personal bias or prejudice concerning a party" or has personal knowledge of disputed evidentiary facts concerning the proceeding." Therefore, recusal is also mandatory under 28 U.S.C. § 455(b)(1).

The gravamen of the analysis under 28 U.S.C. § 455(a) is whether an objective assessment of the Judge's conduct produces a reasonable question about the Judge's impartiality. *Liteky v. United States*, 510 U.S. 540, 548 (1994). "Disqualification is required if a reasonable person who knew the circumstances

would question the judge's impartiality, even though no actual bias or prejudice has been shown." *United States v. Tucker*, 78 F.3d 1313, 1324 (8th Cir. 1996).

In this case, a reasonable person would rely on the following facts to reach the conclusion that the impartiality of Judge or Magistrate Judge might be questioned:

1. The alleged victim works closely with staff from the Judge's chambers;
2. The alleged victim works in the same building as the Judge; and
3. The defendant is accused of threatening to enter the courthouse – the building where the Judge and Magistrate Judge work – with a gun and shoot people.

*United States v. Tucker* is informative in this matter. *Id.* In *Tucker*, the Eighth Circuit Court of Appeals reassigned a case to a different Judge upon remand. *Id.* The reason for the reassignment was not that the Judge has an actual or demonstrated bias. *Id.* Rather, the Court held that reassignment to a different Judge was mandated because the close connection between the Judge, the Defendant and former President Bill Clinton created the *appearance* to a reasonable, objective person that the Judge's impartiality would be in question. *Id.*

In this matter, there is a close connection between the alleged victim and the Judge and Magistrate Judge that would create the appearance of bias. Furthermore, the fact that the alleged crime is reported to have involved the very courthouse where the Judge and Magistrate Judge work, Mr. Akouala argues.

5

that there is very strong evidence that would cause a reasonable person to question the impartiality of the Judge and Magistrate Judge[3].

Therefore, Mr. Akouala respectfully moves this Court for an Order recusing the Judges and Magistrate Judges in the District of North Dakota and assigning this case to a Judge outside of the District of North Dakota.

B. Change of Venue is appropriate and required in this case because of the location of the alleged crime.

Fed. R. Crim. Pro. Rule 21(a) states that "[u]pon the defendant's motion, the court must transfer the proceeding against the defendant to another district if the court is satisfied that so great a prejudice against the defendant exists in the transferring district that the defendant cannot obtain a fair and impartial trial there." (*Emphasis supplied*.)

In a great many cases, the prejudice arises from extensive pre-trial publicity that taints the jury pool and impairs the defendant's ability to obtain a jury that is fair and impartial. However, that is not the situation before the Court in this case.

As discussed above, there is a close working relationship between the Judge's chambers and the Clerk's office. The Clerk's office has a very active role in a criminal case as it proceeds towards resolution. The alleged victim in this case is an employee of the Clerk's office. These are all factors that weigh in favor of granting a

---

[3] The District of North Dakota is a small judicial district and all members of the judiciary in this district work closely with one another. Chief Judge Welte has supervisor responsibilities for all Judges and Magistrate Judges in this District. Therefore, reassignment outside of the District of North Dakota is necessary to ensure that the proceedings are free from the appearance of impropriety.

motion for change of venue to ensure that there is an appropriate separation between the court system overseeing the case, the defendant, and the alleged victim.

Most importantly, though, each juror that would be asked to participate in this case would do so at the very scene of the alleged crime. Both the grand and traverse jury pools are selected by the Clerk's office. They receive summons from the Clerk's office. When they report for jury duty (either as a grand juror or a traverse juror) they will report to an individual from the Clerk's office. At every stage of their service, they will be following directions from the Clerk's office and the presiding Judge. Effectively, the jurors would be sitting at the scene of the alleged crime, in a proceeding that is managed by the alleged victim's co-workers and presided over by a Judge that works closely with the alleged victim and/or their co-workers.

Under the circumstances of this case, Mr. Akouala argues that he cannot receive a fair and impartial trial in the District of North Dakota and especially not in the Eastern Division of this District. In order to protect Mr. Akouala's right to a fair and impartial trial and his due process rights during any and all pre-trial proceedings, he respectfully moves this Court for an Order changing the venue of this matter to a district other than North Dakota.[4]

---

[4] Counsel for Mr. Akouala respectfully suggests the District of Minnesota or the District of South Dakota as potential alternate venues that balances the convenience of the parties and witnesses with Mr. Akouala's rights.

C.     A Stay or Continuance of the Proceedings is Necessary under the Circumstances.

Mr. Akouala further moves this Court to enter a stay of the proceedings presently scheduled for October 11, 2023. Such a stay is appropriate in order to permit the Government adequate time to respond to this motion and for the Court to fully consider the matter. In the alternative, Mr. Akouala requests a continuance of the preliminary and detention hearings for the same reasons as stated above.

Dated the 10th day of October, 2023.

    Respectfully submitted,

    JASON J. TUPMAN
    Federal Public Defender
    By:

    */s/ Christina P. Rudy*
    Christina P. Rudy
    Assistant Federal Public Defender
    Attorney for Defendant
    Office of the Federal Public Defender
    Districts of South Dakota and North Dakota
    100 W. Broadway Ave Suite 230
    Bismarck, ND 58501
    Telephone: 701-250-4500
    Facsimile:  701-250-4498
    filinguser_SDND@fd.org